UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD BELL, | : | |
|     Petitioner, | : | CIVIL ACTION NO |
| | : | 3:02 CV 2099 (SRU) |
| v. | : | |
| | : | |
| UNITED STATES IMMIGRATION | : | |
| & NATURALIZATION SERVICE, | : | |
|     Respondent. | : | |

## RULING ON PETITION FOR A WRIT OF MANDAMUS

Petitioner Richard Bell ("Bell" or "petitioner"), who is currently in the custody of the State of Connecticut at the Radgowski Correctional Institution in Uncasville, Connecticut, filed a petition for writ of mandamus.[1]  Bell's petition asserts that the Immigration and Naturalization Service ("INS" or "government")[2] acted in an arbitrary and capricious matter in filing a detainer against him without a hearing.  Bell requests both an immediate release from state custody and a hearing in front of an immigration judge.  Bell contends that the detainer has prevented him from being released on parole and has barred his access to specialized programs within the prison facility, and he therefore seeks a dismissal of the INS detainer.  The INS argues that Bell is entitled neither to a writ of mandamus nor to a writ of habeas corpus.  For the following reasons, the petition is denied.

---

[1] For purposes of this ruling, the petitioner's request is treated as a petition for both a writ of mandamus and, alternatively, a writ of habeas corpus.

[2] The Immigration and Naturalization Service ("INS") and its functions have been replaced by the Bureau of Customs and Immigration Enforcement ("BICE").  The BICE is a bureau within the Department of Homeland Security.

**Background**

Bell is a native and citizen of Jamaica, who entered this country illegally in or about July 1998. Bell married a United States citizen on February 11, 2001. In or about April 2001, Bell and his wife had a son, who is also a United States citizen. There is no indication, however, that Bell has ever applied for citizenship.

On April 11, 2002, Bell was sentenced to twenty-five months' incarceration after being convicted for carrying a weapon without a permit. Shortly after Bell began serving his sentence, the INS filed a detainer with state prison officials based on Bell's felony conviction. Bell has not received a final order of removal, nor have removal proceedings begun.

Although Bell was voted to parole by the Connecticut Board of Parole on July 2, 2003, he is still serving out his sentence, which expires in January 2004. Bell filed this petition for a writ of mandamus on December 12, 2002, seeking a release from state custody, an immediate hearing before an immigration judge and the dismissal of the INS detainer. Bell contends that the detainer filed by the INS is in violation of his liberty interests and suggests that without the INS detainer he would be released on parole.

This court entered an order to show cause on March 12, 2003. The Government responded to the order to show cause, requesting that the petition be dismissed for failure to state a claim upon which relief could be granted and asserting that the court lacks the jurisdiction to hear the habeas corpus claim since the petitioner is not currently in the custody of the INS. Specifically, the government asserts that Bell is not in the custody of the INS merely because the INS filed a detainer with the state.

2

**Discussion**

    **Mandamus**

Bell petitions for a writ of mandamus and contends that he should be released from state custody and should receive an immediate hearing before an INS judge. The INS asserts that the petitioner has no clear right to a hearing in front of an immigration judge and no clear right to release, on parole, from state custody. Therefore, the government argues that Bell's request for a writ of mandamus must be denied.

A writ of mandamus is a petition to a court requesting an order to compel an officer or employee of the United States to perform a duty owed to the petitioner. Deutsch v. United States, 943 F. Supp. 276, 279 (W.D.N.Y. 1996). "The Second Circuit has held that a writ of mandamus may issue only when there is: '(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the defendant's part to do the act in question; and (3) lack of another available, adequate remedy.'" Id. (quoting Billiteri v. United States Board of Parole, 541 F.2d 938, 946 (2d Cir. 1976)).

Bell has no clear right to the remedies he seeks. Neither the federal procedures governing removal procedures for aliens convicted of aggravated felonies, nor state parole procedures provide petitioner with a clear right to a hearing or release from state custody.

The statute governing INS procedures does not mandate or even authorize an immediate hearing in front of an immigration judge after a detainer has been filed against an alien. 8 U.S.C. § 1228. The government is not required to institute removal

3

proceedings for an alien prior to the expiration of the alien's sentence in a correctional facility. 8 U.S.C. § 1228(a)(3)(B). Although removal proceedings should be conducted in a manner that minimizes the need for additional detention after an alien's incarceration for the underlying offense, an alien may be detained by INS officials after a state or federal sentence has expired. 8 U.S.C. § 1228(a)(1).

In fact, an inmate ordinarily remains in the custody of the correctional institution until his or her sentence is complete, Deutsch, 943 F. Supp. at 279, because an inmate cannot be deported while imprisoned by the state. Fernandez-Collado, 644 F. Supp. at 744. Thus, petitioner does not have a clear right to release from state custody or to an immediate hearing regarding the INS detainer and potential deportation proceedings.

Connecticut statutes relating to and governing the Connecticut Board of Parole do not provide a clear right to demand or apply for parole and vest broad discretion with the Board to determine whether an inmate should be released on parole. Vincenzo v. Warden, 26 Conn. App. 132, 141 (1991). The parole board is allowed to consider an INS detainer in making their determination whether to release an alien prior to the expiration of his or her sentence. Moreover, prisoners generally do not have a protected interest in obtaining access to particular prison programs. Deutsch, 943 F. Supp. at 280. Therefore, Bell has no clear right to release from state custody, regardless of whether he had been voted to parole.

Because the petitioner has no right to an immediate hearing, release from state custody or dismissal of the detainer, the petitioner's petition for a writ of mandamus is denied.

**Habeas Corpus**

In his petition for a writ of mandamus, Bell contends that the filing of the INS detainer has prevented his release from state custody, even though he was voted to parole. Thus, the petitioner suggests that if the INS detainer were dismissed, he would be released to his parole. The INS argues, however, that this court lacks jurisdiction to hear Bell's petition for a writ of habeas corpus because he is not in INS custody.

A writ of habeas corpus functions to grant relief from unlawful custody or imprisonment and must be sought against the authority that has custody of the petitioner. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988). The prevailing view among courts in the Second Circuit "is that a federal habeas corpus petitioner raising a claim concerning the issue of deportability must be in the custody of the INS when the suit is commenced." DiGrado v. Ashcroft, 184 F. Supp. 2d 227, 232 (N.D.N.Y. 2002). Moreover, courts in this circuit have consistently held that an INS detainer does not subject a prisoner to the custody of the INS. DiGrado, 184 F. Supp. 2d at 232; Deutsch v. United States, 943 F. Supp. 276, 278 (W.D.N.Y. 1996); Dearmas v. I.N.S., 1993 WL 213031, at *3 (S.D.N.Y. June 15, 1993); Severino v. Thornburgh, 778 F. Supp. 5, 7 (S.D.N.Y. 1991); Fernandez-Collado v. I.N.S., 644 F. Supp. 741, 744 (E.D.N.Y. 1986).

The custody needed to petition for a writ of habeas corpus need not be actual physical custody. The Second Circuit Court of Appeals recently held that a final order of removal constituted custody by the INS even though the petitioner was still serving a federal sentence. Simmonds v. I.N.S., 326 F.3d 351 (2d Cir. 2003). Despite the fact that Simmonds' petition was dismissed without prejudice, the court determined that a final order of removal would result in his "detention and ultimate deportation" by the INS

5

upon his release from state custody, and therefore, was a concrete and definite indication that the INS would take Simmonds into custody after completion of his sentence. Id. at 358. Regardless of the length of Simmonds' sentence, upon his release from prison, he would be automatically detained by the INS so that immediate deportation could be effected. Id.

Unlike a final order of removal, a detainer is not a definitive decision regarding deportation or an order that will necessarily result in the INS taking petitioner into custody.[3] In this circuit, the clear majority view is that an INS detainer "constitutes (1) a notice that future INS custody will be sought at the conclusion of a prisoner's pending confinement by another jurisdiction, and (2) a request for prior notice regarding the termination of that confinement by the INS." Roldan v. Racette, 984 F.2d 85, 88 (2d Cir. 1993). A detainer is more of a notice than an order or demand for custody in order to begin deportation proceedings. Unlike a final order of removal, the filing of a detainer provides no guarantee that the INS will take the petitioner into custody upon completion of his sentence and deport him.

Since Bell is not subject to a final order of removal and the only action taken against him by the INS is the filing of a detainer with state prison officials, Bell is not in INS custody. Accordingly, this court does not have jurisdiction to hear his petition for a

---

[3] Although a detainer is not a concrete indication that the INS will take the petitioner into custody to effect deportation proceedings, Simmonds, 326 F.3d at 358, an INS detainer may be taken into account by parole officials when determining whether to release a person on parole. Bell contends that the INS detainer filed with state officials has prolonged his incarceration by preventing him from being released on parole. The court, however, need not decide whether a detainer that prolongs the incarceration of an inmate, who would otherwise be released by the state, confers sufficient custody by the INS to give rise to jurisdiction over a habeas corpus petition. The decision whether to release an inmate on parole is marked by broad discretion, Vincenzo, 26 Conn. App. at 141, and Bell has not presented any evidence that the detainer was the sole or motivating reason that he was not released on parole. Accordingly, on the present record the factual predicate necessary to argue that the detainer constitutes custody does not exist.

writ of habeas corpus.  Therefore, Bell's petition for a writ of habeas corpus is dismissed.

**Conclusion**

For the foregoing reasons, Bell's petition (doc. # 1) is denied. The clerk shall close the file.

It is so ordered.

Dated at Bridgeport, Connecticut this 20th day of November 2003.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge